# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                    SUPERIOR COURT

Sean Zahn,
     Plaintiff,

Civil Action No. 1977cv01296 D

vs.

Louisville Ladder Co.,
     Defendant

## PLAINTIFF'S AMENDED COMPLAINT AND JURY TRIAL DEMAND

### I. JURISDICTION

1. The Plaintiff, Sean Zahn, is an individual residing in the city of Manchester by the Sea, County of Essex, Massachusetts.

2. The Defendant, Louisville Ladder Co. (hereinafter "LLC"), is a corporation with a principal place of business in Louisville Kentucky, doing business within the Commonwealth of Massachusetts.

3. The Jurisdiction of this Court has subject matter jurisdiction over this matter.

### II. FACTS

4. On or about September 13, 2016 the Plaintiff was utilizing a Ladder manufactured by the defendant (hereinafter "the ladder."

5. At all times relevant hereto, the plaintiff was using reasonable care in the use of the ladder and complying with all instructions for use provided by the defendant attendant thereto.

6. Suddenly, and without warning the ladder collapsed.

7. As a result of the collapse, the plaintiff fell and sustained personal injury.

### COUNT I: NEGLIGENCE: LLC

8. The Plaintiff restates and incorporates by reference paragraphs 1-7 of his Complaint, as if specifically set forth herein.

9. The injuries sustained by the Plaintiff were a direct and proximate result of the carelessness of the Defendant, LLC., as follows:

    a. The Defendant, LLC., negligently designed, manufactured, selected, tested,

inspected, packaged, promoted, advertised, marketed, and sold the ladder;

 b. The Defendant, LLC, negligently failed to adequately warn and instruct any foreseeable users as to the dangerous and defective character of the ladder; and,

 c. The Defendant, LLC, negligently disposed of the ladder and placed it in the channels of trade, when the Defendant knew, or should have known, that said ladder was dangerous and defective in nature, and that the channels of trade would bring the machine into contact with persons, such as the Plaintiff, who are ignorant of its dangerous and defective condition.

10. As a direct and proximate result of the negligence of the Defendant, LLC, the Plaintiff was caused to sustain severe personal injuries, has suffered great pain of body and mind, has suffered grave emotional distress, has incurred medical and hospital expenses, and has suffered other damages as will be shown at trial.

 WHEREFORE, the Plaintiff, Sean Zahn demands judgment against the Defendant, LLC, for any and all sums he is due, interest, cost, and attorney's fees.

## COUNT II: BREACH OF WARRANTY: LLC

11. The Plaintiff restates and incorporates by reference paragraphs 1-7 of his Complaint, as if specifically set forth herein.

12. The Defendant, LLC., is and has been a merchant in the business of manufacturing the selling ladders, such as the ladder involved in this incident.

13. At the time of the sale of the machine, the Defendant, LLC., warranted, both expressly and impliedly, that said machine was of merchantable quality, safe for use, and fit for its intended use and purposes.

14. The Defendant, LLC, breached the applicable warranties in that the subject machine was not of merchantable quality, safe for use, and fit for its intended purposes.

15. As a direct and proximate result of the negligence of the Defendant, LLC., the Plaintiff was caused to sustain severe personal injuries, has suffered great pain of body and mind, has suffered grave emotional distress, has incurred medical and hospital expenses, and has suffered other damages as will be shown at trial.

 WHEREFORE, the Plaintiff, Sean Zahn demands judgment against the Defendant, LLC, for any and all sums he is due, interest, cost, and attorney's fees.

## COUNT III: STRICT LIABILITY: LLC

16. The Plaintiff restates and incorporates by reference paragraphs 1-7 of his Complaint, as if

specifically set forth herein.

17. The ladder was in a defective condition and was unreasonably dangerous to the user or consumer when it left the control of the Defendant, LLC.

18. As a direct and proximate result of the conduct of the Defendant, LLC, the Plaintiff was caused to sustain severe personal injuries, has suffered great pain of body and mind, has suffered grave emotional distress, has incurred medical and hospital expenses, and has suffered other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Sean Zahn, demands judgment against the Defendant, LLC, for any and all sums he is due, interest, cost, and attorney's fees.

### COUNT IV: VIOLATION OF M.G.L. C. 93A: LLC

19. The Plaintiff restates and incorporates by reference paragraphs 1-7 of his Complaint, as if specifically set forth herein.

20. The conduct of the Defendant, herein before described, constitutes a breach of warranty under applicable Massachusetts law.

21. Said breach of warranty constitutes a violation of M.G.L. c. 93A.

23. As a direct and proximate result of the Defendant's breach of warranty, and corresponding breach of M.G.L. c. 93A, Sec. 9, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff, Sean Zahn demands judgment against the Defendant, LLC, for any and all sums he is due, trebled under M.G.L. c. 93A, interests, costs, and attorney's fees.

Plaintiff,
By his Attorney,

_____
BRIAN S. MCCORMICK, ESQ.
BBO #550533
Orlando & Associates
1 Western Ave.
Gloucester, MA 01930
Tel: 978-283-8100
Fax: 978-238-8507

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Sean Zahn  ADDRESS: 9 Loading Place Rd. Manchester MA 01944  ATTORNEY: Brian McCormick  ADDRESS: 1 Western Ave., Gloucester MA 01930  BBO: | | COUNTY  DEFENDANT(S): Louisville Ladder Co. 7765 National Tpke, unit 190 Louisville KY 40214  ADDRESS: |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| | | F | ☑ YES  ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............ $ 90,000.00
2. Total doctor expenses ............ $ 20,000.00
3. Total chiropractic expenses ............ $ _____
4. Total physical therapy expenses ............ $ 10,000.00
5. Total other expenses (describe below) ............ $ _____
   Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............ $ 200,000.00
C. Documented property damages to dated ............ $ _____
D. Reasonably anticipated future medical and hospital expenses ............ $ _____
E. Reasonably anticipated lost wages ............ $ _____
F. Other documented items of damages (describe below) ............ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Left dislocated shoulder; Lt. torn rotator cuff; fractured ribs.

TOTAL (A-F): $ 260,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                     Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X [signature]                     Date: 9/11/19